IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 17-10514-TPA |
| | ) |
| B.L. GUSTAFSON, LLC, D/B/A GUS'S | ) Chapter 11 |
| GUNS, PRIORITY CARE AMBULANCE, | ) |
| B.L. GUSTAFSON EXCAVATION, | ) |
| BRYNWOOD FARM and BRIAN | ) Docket No._____ |
| GUSTAFSON RENTALS, | ) |
| | ) |
| Debtor | ) |

## SMALL BUSINESS PLAN OF REORGANIZATION DATED MAY 14, 2018

AND NOW, comes B.L. Gustafson, LLC d/b/a Gus's Guns, Priority Care Ambulance, B.L. Gustafson Excavation, Brynwood Farm and Brian Gustafson Rentals (hereinafter referred to as the "Debtor"), with this Small Business Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, as follows:

TABLE OF CONTENTS

| | |
|---|---|
| Article I | Definitions |
| Article II | General Terms and Conditions |
| Article III | Classification of Creditors and Claims |
| Article IV | Treatment of Creditors and Claims |
| Article V | Owners' Contribution to Plan |
| Article VI | Execution and Implementation of Plan |
| Article VII | Executory Contracts and Leases |
| Article VIII | Discharge and Retention of Jurisdiction |

# ARTICLE I

## DEFINITIONS

Any term defined in the Bankruptcy Code and not otherwise defined in the Plan shall have the meaning specified in the Bankruptcy Code.

1.1    Administrative Claim:  Any Allowed Claim entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

1.2    Allowed Claim:  A Claim, proof of which is timely filed with the Bankruptcy Clerk or which was scheduled as liquidated, undisputed and non-contingent and as to which no objection to Claim has been made within the period of time fixed by the Bankruptcy Code, Bankruptcy Rules or Order of Court, or as to which Claim an objection is filed and resolved by a Final Order of the Bankruptcy Court to the extent determined in favor of the holder of such Claim.

1.3    Assumed or Rejected Executory Contracts and Leases:  The executory contracts and leases which are assumed or rejected by the Debtor under Bankruptcy Code Section 365.

1.4    Bankruptcy Code:  Title 11 of the United States Code, as amended.

1.5    Bankruptcy Court:  The United States Bankruptcy Court for the Western District of Pennsylvania at Erie.

1.6    Bankruptcy Rules:  The federal and local rules of bankruptcy procedure, as amended.

1.7    Bar Date:  The deadline to file a Proof of Claim in the above-captioned matter (October 19, 2017 for all Creditors except governmental units and November 13, 2017 for governmental units).

1.8   Claim:  Any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, known, unknown secured or unsecured.

1.9   Closing:  The place and time at which the documents, if any, required by the Plan, including but not limited to any documents providing for financing under the Plan, will be executed; and, the initial distribution under the Plan will be accomplished, following and pursuant to a Final Order confirming the Plan.

1.10   Code:  The Bankruptcy Code.

1.11   Code Created Causes of Action:  Collectively, (a) causes of action, Claims, rights and remedies created by or arising under the Bankruptcy Code, including but not limited to collecting receivables and avoiding transfers as necessary and appropriate under Sections 542, 544, 547, 548, 549 and 550 of the Bankruptcy Code; (b) causes of action, claims, rights and remedies in favor of the Debtor, the estate and creditors, against any third party; and (c) all of the recoveries and proceeds from (a) and (b).

1.12   Committee:  Official Committee of Unsecured Creditors, if one is appointed (no committee has been appointed).

1.13   Confirmation Date:  The date on which the Confirmation Order is docketed by the Clerk of the Bankruptcy Court.

1.14   Confirmation Order:  An Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.15    Confirmation Deposit Fund:  A fund to be established by the Debtor and/or Mr. Brian Gustafson, earmarked for the payment of Administrative Claims on the Effective Date.

1.16    Court:  Bankruptcy Court.

1.17    Creditor:  Any person or entity having a Claim against the Debtor.

1.18    Creditors' Committee:  The Official Committee of Unsecured Creditors as may be appointed in the case.

1.19    Debtor:  B.L. Gustafson, LLC d/b/a Gus's Guns, Priority Care Ambulance, B.L. Gustafson Excavation, Brynwood Farm and Brian Gustafson Rentals

1.20    Effective Date:  The first business day that is fifteen (15) days from and after the Confirmation Date.

1.21    Estate:  The Chapter 11 Estate for this case.

1.22    Final Order:  An Order as to which the time to appeal or to seek review or rehearing has expired and as to which no appeal or other proceeding for review or rehearing shall be pending or, in the event that an appeal is timely filed, such Order shall have been affirmed by the highest court to which it was appealed.

1.23    General Claims:  Allowed, pre-Petition, general unsecured Claims, not including Secured Claims, Administrative Claims or Priority Claims.

1.24    General Creditor:  Creditor holding a General Claim.

1.25    Plan:  This Plan of Reorganization.

1.26    Priority Taxes:  Any allowed tax Claims entitled to priority treatment under Section 507(a)(8) of the Bankruptcy Code.

1.27    Priority Wages and Commissions:  Allowed Claims for wages, vacation pay, commissions and contributions to employee benefit plans, if any, but only to the extent that they are entitled to priority treatment under 507(a)(3) of the Bankruptcy Code, and only to the extent that they are not, or were not, paid in the ordinary course of business or pursuant to Order of the Bankruptcy Court.

1.28    Real Estate Taxes:  Allowed Claims for real estate taxes which are secured by liens against the Debtor's real property, if any.

1.29    Rejection Claim:  Allowed Claim arising from the rejection of an executory contract or unexpired lease pursuant to Section 1123(b)(2) of the Bankruptcy Code.

1.30    Secured Claim:  A Claim to the extent of the value of any interest in property securing such Claim, as agreed to by the holder of such Claim or as determined by the Bankruptcy Court pursuant to Section 506(a) of the Bankruptcy Code.

1.31    Unclaimed Funds:  Distributions made pursuant to the Plan which are unclaimed after six (6) months.  Unclaimed funds shall include:  (1) checks and funds represented by the checks which have been returned as undeliverable without a proper forwarding address; (2) funds for checks which have not been presented for payment; and, (3) checks and the funds represented by the checks which are not mailed or delivered because of the absence of a proper address to mail or deliver the checks.

## ARTICLE II

GENERAL TERMS AND CONDITIONS

The following general terms and conditions apply to the Plan:

2.1    Various Claims:  Various types of Claims are defined in the Plan.  The Plan is intended to deal with all Claims against the Debtor of whatever character, and whether or

not disputed, contingent or liquidated. However, only Allowed Claims will receive the treatment afforded by the Plan.

2.2   Securities Laws: Satisfaction provided to a Creditor which is deemed to be a security is exempt from registration under federal and state securities laws by virtue of Section 1145 of the Bankruptcy Code.

2.3   Disbursing Agent: The Attorney for the Debtor, Guy C. Fustine, Esquire of Knox McLaughlin Gornall & Sennett, P.C., 120 West Tenth Street, Erie, Pennsylvania 16501 (814-459-2800) will serve as the Disbursing Agent for the initial disbursement.

2.4   Transfers Free and Clear of Liens: Except as specifically provided for in the Plan, transfers and conveyances under the Plan shall be free and clear of liens, Claims and encumbrances, pursuant to Sections 363, 1123 and/or 1141 of the Bankruptcy Code.

2.5   Transfers Free and Clear of Real Estate Transfer Taxes: Real estate transfers and conveyances under the Plan, if any, shall be exempt from all real estate transfer taxes pursuant to Bankruptcy Code Section 1146(c). The recorder shall record such Deed or Deeds without any requirement of transfer taxes from any source, including but not limited to the Bank, the Debtor or the purchaser(s)/transferee(s). This exemption shall apply to all real estate transfers and conveyances under the Plan even if the real estate is contributed to the Plan by a third party and, but for the third party contribution, would not otherwise have been an asset of the Debtor or the Estate.

2.6   Time for Filing Claims: All Creditors are required to file Proofs of Claim on or before the applicable Bar Date. Creditors holding Rejection Claims are required to file Proofs of Claim on or before the separate Bar Date for Rejection Claims. Creditors holding Claims incurred after the Order for Relief need not file a Proof of Claim and will be paid when

due and payable in the ordinary course of business, or as otherwise agreed by the holders of said Claims. Professional fees and expenses incurred before the Confirmation Date will only be paid if approved by the Bankruptcy Court after notice and hearing on a separate application for compensation. All Creditors are referred to applicable bankruptcy law for information concerning when and under what circumstances that Claims are legally deemed to be filed.

      2.7    Modifications to Plan: This Plan may be modified or corrected prior to the Confirmation Date without notice and hearing and without additional disclosure provided that the Court finds that such modification does not materially or adversely affect any Creditor or class of Creditors who has not accepted the modification.

      2.8    Rule of Construction: A definition in Article I that refers to the singular includes the plural, and a definition that refers to the plural includes the singular, where appropriate.

      2.9    Severability: Should the Court determine that any provision in the Plan is either illegal on its face or illegal as applied to the facts, subject to Section 1127 of the Code and Bankruptcy Rule 3019, such provisions shall be unenforceable as to all interested parties or as to the interested party or parties with respect to whom the provision is held to be illegal. Such a determination by the Court shall in no way limit or affect the enforceability or operation of any other provision of the Plan.

## ARTICLE III

### CLASSIFICATION OF CREDITORS AND CLAIMS

      3.1    Class 1: Non-Tax Secured Claims (impaired). Class 1 shall consist of Secured Claims held by Creditors who are not federal, state or local taxing authorities (the "Secured Tax Claims").

3.2     Class 2: Tax Secured Claims (unimpaired).  Class 2 shall consist of Secured Claims held by Creditors who are federal, state or local taxing authorities (the "Tax Secured Claims"), including but not limited to the United States Internal Revenue Service ("IRS") and the Pennsylvania Department of Revenue ("DOR").

3.3     Class 3: Administrative Claims (unimpaired).  Class 3 shall consist of Administrative Claims, including but not limited to post-Petition Date Claims incurred in the ordinary course of business, fees due to the Office of the United States Trustee, fees and costs due to the Bankruptcy Court Clerk, and professional fees and costs on behalf of the Debtor.  No fees for professional services rendered prior to Plan Confirmation shall be paid without a fee application and Court order approving the fees, after notice and hearing.

3.4     Class 4: Priority Taxes, Wages and Commissions (unimpaired).  Class 4 shall consist of (a) the Priority Taxes and (b) the Priority Wages and Commissions, if any.

3.5     Class 5: Allowed General Unsecured Claims (impaired).  Class 5 shall consist of Allowed General Claims, including Allowed Rejection Claims, and the deficiency portion of Secured Claims.

3.6     Class 6: Individual Creditors of Mr. Brian Gustafson (unimpaired).  Class 6 shall consist of certain individual creditors of Mr. Brian Gustafson who are also Creditors of the Debtor.

3.7     Class 7: Members of B.L. Gustafson, LLC (unimpaired).  Class 7 shall consist of one equity security interest holder, Mr. Brian Gustafson.

# ARTICLE IV

## TREATMENT OF CREDITORS AND CLAIMS

4.1     Class 1:  The Class 1 Non-Tax Secured Claims shall be paid in accordance with stipulations and court orders entered by the Bankruptcy Court, which are incorporated herein by reference, as follows:

| Name of Creditor | Doc. No. | Date of Order | Monthly Payment |
|---|---|---|---|
| Ford Credit | 95 | 12/29/17 | $ 608.92 |
| Kubota Credit | | | $ 695.30 |
| Kubota Credit | | | $ 500.00 |
| Hamlin Bank | 128 | 3/12/18 | $1,529.69 |

The liens associated with the Non-Tax Secured Claims shall be retained.  The arrearages, if any, shall be tacked-on at the end of the payment term.

4.2     Class 2:  The Class 2 Secured Tax Claims shall be paid in equal quarterly installments over four (4) years from the Effective Date, beginning within ninety (90) days after the Effective Date and continuing until the Secured Tax Claims are paid in full.  The liens of the Secured Tax Claims shall be retained.

4.3     Class 3:  The Class 3 Administrative Claims shall be paid from the Confirmation Deposit Fund.  The professional fees are subject to Bankruptcy Court approval upon application and after notice and hearing.  Any legal retainers shall be accounted for and paid, subject to Court approval.  To the extent that the Confirmation Deposit Fund is insufficient to pay all professional fees, the Debtor shall pay the Court approved professional fees as soon as it is practical without needlessly impairing the operation of the Debtor.  The attorney for the Debtor agrees to a reduced distribution of the available funds, in the event that the available funds for professional fees are insufficient to pay the Court-approved fees in full on the Effective

Date. In that case, however, Mr. Gustafson shall guarantee the payment of the court-ordered fees individually.

    4.4    Class 4: The Class 4 Priority Claims shall be paid in equal quarterly installments over four (4) years from the Effective Date, beginning within ninety (90) days after the Effective Date and continuing until the Priority Claims are paid in full.

    4.5    Class 5: The Class 5 Allowed General Unsecured Claims shall be paid ten (10%) percent of their Allowed Claims in four (4) equal, annual installments beginning on the first anniversary of the Effective Date and ending four (4) years thereafter.

    4.6    Class 6: The Class 6 individual creditors of Brian Gustafson shall be paid monthly, pursuant to their respective contracts (but not including taxes or insurance associated with the real estate owned by Mr. Gustafson), viz:

| Name of Creditor | Doc. No. | Date | Monthly Payment |
|---|---|---|---|
| Hamlin Bank | N/A | 11/2/12 | $5,579.14 |
| John Deere Construction | N/A | 10/22/14 | $2,500.00 |
| Kubota Credit | 154 | 4/6/18 | contingent |

The liens of the individual creditors, if any, shall be retained.

    4.7    Class 7: The equity security interest holder shall retain his respective interest in exchange for his new value contribution to the Plan based upon his $15,000 contribution to the Confirmation Deposit Fund and his contribution of the net, monthly rents collected from the real property owned by Mr. Gustafson in his individual name, viz:

| Property Address | Amount of Rent | Amount of Class 6 Payment to Hamlin Bank | Surplus contributed to Plan monthly |
|---|---|---|---|
| 102 West Main St., Smethport, PA | $3,000.00 | $2,720.00 | $ 280.00 |
| 6135 Route 46N, Smethport, PA | $3,500.00 | $1,798.53 | $ 1,701.47 |
| 1039 Moody Hollow, Eldred, PA | $ 500.00 | $1,060.61 | $ 239.39 |
| 18984 Rt. 6, Smethport, PA | $ 800.00 | | |
| TOTALS | $7,800.00 | $5,579.14 | $ 2,220.86 |

## ARTICLE V

### OWNER'S CONTRIBUTION TO PLAN

5.1    Owner's Contribution to Plan:  Mr. Brian Gustafson will contribute (a) $15,000 to the Confirmation Deposit Fund and (b) the net, monthly income received from certain of his rental properties, beginning on the Effective Date and continuing throughout the term of the Plan (approximately $2,221/month).

## ARTICLE VI

### EXECUTION AND IMPLEMENTATION OF THE PLAN

6.1    Sources of Payments:  Payments under the Plan will be made from the revenues generated by the Debtor's business operations.  Current income from the ordinary course of business will be used to pay current operating expenses.  Also, as indicated above, funds will be contributed by Mr. Brian Gustafson from his individual assets.

6.2    Closing:  On or about the Effective Date, the Debtor and other interested parties, including but not limited to Mr. Gustafson, shall execute all documents necessary to implement the Plan.  The Disbursing Agent shall make the initial payment called for by the Plan at the Closing.

6.3    Default:  The Debtor shall be in default under the Plan if it fails to make any payment required to be made, or fails to take action required to be taken, under the Plan within thirty (30) days after it is due.

6.4    Right to Cure:  The Debtor shall have the right to cure any default under the Plan within thirty (30) days after receiving written notice of default from a party whose obligation is in default.

6.5    Collection:  Upon an occurrence of an uncured default under the Plan, a party whose obligation is in default may take appropriate action to collect the amount due.

6.6    Unclaimed Funds:  Unclaimed Funds shall become the property of the Debtor subject to the Creditor's right to demand payment provided that the demand is made within six (6) months after the payment was initially tendered, and provided that all professional fees to date have been paid.  Otherwise, Unclaimed Funds shall be used first to pay any unpaid professional fees.

6.7    Objections to Claims and Commencement of Code Created Causes of Action:  After the Confirmation Date, the Court will issue a Post-Confirmation Order in accordance with the Bankruptcy Rules.  The Post-Confirmation Order, among other things, will establish a deadline for interested parties to file objections to claims.  Any Claim which is not subject to a timely filed objection shall be allowed.  The Post-Confirmation Order, among other things, will also establish a deadline to file the Code Created Causes of Action.  If viable, Debtor's attorney will file appropriate complaints in the Bankruptcy Court or other court of appropriate jurisdiction to pursue the Code Created Causes of Action on behalf of the Estate. Subject to Court approval, the proceeds of any such action shall be used first to pay the reasonable attorney's fees and costs incurred in connection with pursuing the action; then to pay any outstanding fees for professionals which were not paid previously; then to pay Creditors as required by the Plan in their order of priority.

6.8    Management after Closing:  The Debtor will manage the business after Closing.  Information regarding the Debtor's management is set forth within the Disclosure Statement.

6.9    No Transfer Taxes:  The sale or transfer of properties under the Plan, if any, shall be free from any and all stamp or similar transfer taxes pursuant to Section 1146 of the Bankruptcy Code

## ARTICLE VII

### EXECUTORY CONTRACTS AND LEASES

7.1    Assumption of Executory Contracts and Leases:  On the Effective Date, the executory contracts and unexpired leases shall be assumed by the Debtor.  Except as provided in the Plan, any executory contract or unexpired lease which is not assumed prior to the Effective Date, or as to which no motion to assume is pending on the Effective Date, shall be deemed rejected on the Effective Date in accordance with provisions of §365 of the Bankruptcy Code.

7.2    Bar Date for Rejection Damages:  If the rejection of the executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, the Claim for such damages shall be forever barred and shall not be enforceable, and no holder of any such Claim shall participate in any distribution under the Plan, unless a proof of claim is filed with the Bankruptcy Court and served upon the attorney for the Debtor by the earlier of thirty (30) days after the Effective Date or thirty (30) days after the entry of the Order of the Bankruptcy Court providing for rejection of such contract or lease.  Objections to any such Claims shall be served and filed thereafter.  An Allowed Rejection Claim shall be paid as a General Claim under the Plan (Class 5).

## **ARTICLE VIII**

### DISCHARGE AND RETENTION OF JURISDICTION

8.1     The Debtor shall be discharged and released from all debts and Claims dischargeable under the Bankruptcy Code on the Confirmation Date.

8.2     The Bankruptcy Court shall retain jurisdiction after the Confirmation Date for the following purposes:

8.3     To hear and determine objections to claims.

8.4     To hear and determine Code Created Causes of Action and other causes of action arising prior to commencement of, or during the pendency of, this proceeding, including but not limited to the list of potential defendants set forth on Exhibit B.  Exhibit B is, or will be, attached to the Plan before the hearing on the Disclosure Statement.

8.5     To hear and determine any dispute arising out of the Plan, including but not limited to any dispute regarding legal fees, and to consider any modification or amendment of the Plan.

8.6     To enforce any provision of the Plan.

8.7     At any time, the Bankruptcy Court may issue orders and give directives to any party subject to the Court's jurisdiction to implement the Plan pursuant to Section 1142 of the Bankruptcy Code.

| | |
|---|---|
| **Attorney for Debtor:**<br>Guy C. Fustine, Esquire | **Debtor:**<br>B.L. Gustafson, LLC d/b/a Gus's Guns, Priority Care Ambulance, B.L. Gustafson Excavation, Brynwood Farm and Brian Gustafson Rentals |

120 West Tenth Street
Erie, Pennsylvania 16501-1461

| | |
|---|---|
| Date: May 14, 2018 | Respectfully submitted, |
| | B.L. GUSTAFSON, LLC d/b/a GUS'S GUNS, PRIORITY CARE AMBULANCE, B.L. GUSTAFSON EXCAVATION, BRYNWOOD FARM, and BRIAN GUSTAFSON RENTALS |
| | */s/ Brian Gustafson* <br> By:   Brian Gustafson, Manager |
| Date: May 14, 2018 | KNOX McLAUGHLIN GORNALL & SENNETT, P.C. <br> Attorneys for Debtor |
| | By:   */s/ Guy C. Fustine* <br>         Guy C. Fustine <br>         PA I.D. No. 37543 <br>         120 West Tenth Street <br>         Erie, Pennsylvania  16501-1461 <br>         (814) 459-2800 <br>         gfustine@kmgslaw.com |

\# 1929799.v1