IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-10514-TPA |
| | ) | |
| B.L. GUSTAFSON, LLC, D/B/A GUS'S | ) | Chapter 11 |
| GUNS, PRIORITY CARE AMBULANCE, | ) | |
| B.L. GUSTAFSON EXCAVATION, | ) | |
| BRYNWOOD FARM and BRIAN | ) | Docket No._____ |
| GUSTAFSON RENTALS, | ) | |
| | ) | |
| Debtor | ) | |

## SUMMARY OF DEBTOR'S SMALL BUSINESS PLAN OF REORGANIZATION DATED MAY 14, 2018

The Plan provides that the Class 1 Non-Tax Secured Creditors, including Ford Motor Credit, Kubota Credit Corporation and Hamlin Bank, are impaired and shall be paid monthly in accordance with court-approved stipulations. The liens are retained. The arrearages are tacked-on to the end of the payment terms.

The Class 2 Secured Tax Claims, including the Internal Revenue Service and the Pennsylvania Department of Revenue, are unimpaired and shall be paid monthly over four (4) years, beginning on the Effective Date, including four (4%) percent annual interest. The liens are retained.

The Class 3 Administrative Claims are unimpaired and shall be paid in full on the Effective Date, or as otherwise agreed by the claimant. Class 3 professional fees are subject to Court approval after notice and hearing on an application for compensation in accordance with the Rules of Court.

The Class 4 Priority Tax Claims are unimpaired and shall also be paid monthly over four (4) years beginning on the Effective Date and including four (4%) percent interest. The Secured Tax Claims and the Priority Tax Claims are subject to possible objections.

The Class 5 General Unsecured Claims are impaired and will be paid a total of ten (10%) percent in four (4) equal, annual installments, beginning on the first anniversary of the Effective Date and continuing for four (4) years thereafter.

The Class 6 individual creditors of the Debtor's Managing Member, Mr. Brian Gustafson, who are also Creditors of the Debtor, are unimpaired and will be paid monthly from rents contributed to the Plan by Mr. Gustafson individually.  The payments to Mr. Gustafson's individual creditors, who are also Creditors of the Debtor, are less than the individual rents contributed to the Plan.  The surplus is a portion of Mr. Gustafson's new value contribution to the Plan.

The Class 7 Equity Security Interest Holder, Mr. Gustafson, is unimpaired and shall retain his membership based upon his new value contribution, including (a) his $15,000 contribution to the Confirmation Deposit Fund, and (b) his contributions of individual rental income to the Plan on a monthly basis.

The Disclosure Statement to Accompany the Plan demonstrates that the Debtor's projected revenues, including Mr. Gustafson's new value contributions, are sufficient to make the payments provided for in the Plan.

The Debtor's Plan will result in greater payments to Creditors than any other alternative, including dismissal of the Case or conversion to Chapter 7.  If the Case is dismissed or converted, in all likelihood, there would be no distribution whatsoever to the Priority or General Creditors.  Confirmation of the Debtor's Plan would be in the best interest of Creditors and the Estate.

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Debtor

By:  */s/ Guy C. Fustine*
Guy C. Fustine
PA I.D. No. 37543
120 West Tenth Street
Erie, Pennsylvania  16501-1461
(814) 459-2800
gfustine@kmgslaw.com

# 1931149.v1