IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re: B.L. GUSTAFSON, LLC d/b/a GUS'S     Bankruptcy No.     17-10514-TPA
GUNS, PRIORITY CARE
AMBULANCE, B.L. GUSTAFSON
EXCAVATION, BRYNWOOD FARM
and BRIAN GUSTAFSON RENTALS,

Debtor

## DISCLOSURE STATEMENT
## TO ACCOMPANY SMALL BUSINESS PLAN DATED MAY 14, 2018

Chapter 11 Small Business (Check box only if debtor has elected to be considered a small business
under 11 U.S.C. §1121(e))

Debtor furnishes this disclosure statement to creditors in the above-captioned matter pursuant to
Bankruptcy Code §1125 to assist them in evaluating debtor's proposed Chapter 11 plan, a copy of
which is attached hereto.  Creditors may vote for or against the plan of reorganization.  Creditors who
wish to vote must complete their ballots and return them to the following address before the deadline
noted in the order approving the disclosure statement and fixing time.  The Court will schedule a
hearing on the plan pursuant to 11 U.S.C. §1129.

     Address for return of ballots:     Guy C. Fustine, Esquire
     Knox McLaughlin Gornall & Sennett, P.C.
     120 West Tenth Street
     Erie, PA 16501

I.     Background

     1.     Name of Debtor

     B.L. Gustafson, LLC d/b/a Gus's Guns, Priority Care Ambulance, B. L.
     Gustafson Excavation, Brynwood Farm and Brian Gustafson Rentals

     2.     Type of Debtor (individual, partnership, corporation)

     Corporation

     3.     Debtor's Business or Employment

     Ambulance service, gun sales, excavation and rentals

     4.     Date of Chapter 11 Petition

     May 16, 2017

5.    Events that Caused the Filing:

Secured Creditors' execution proceedings caused by the Debtor's inability to pay accelerated debts following default.

6.    Anticipated Future of the Company & Source of this Information and Opinion

The Debtor will continue to operate its businesses and to make the payments called for by the Plan.

Source of Information – Debtor

7.    Summarize all Significant Features of the Plan Including When and How Each Class of Creditor will Be Paid and What, if any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan

| Class | Treatment | Liens Retained |
|---|---|---|
| Class 1<br><br>Non-Tax Secured | Paid per court approved stipulations | Yes |
| Class 2<br><br>Tax Secured | Paid over four (4) years from Effective Date | Yes |
| Class 3<br><br>Administrative | Paid on the Effective Date, except as otherwise agreed by Creditor | No |
| Class 4<br><br>Priority | Paid over four (4) years from Effective Date | No |
| Class 5<br><br>General Unsecured | 10% of Allowed Claims in four (4) equal, annual installments, beginning on the first anniversary of the Effective Date | No |

| Class 6<br><br>Individual creditors of Brian Gustafson, who are also Creditors of the Debtor | Paid monthly per court approved stipulations or at the contract amount (but not including individual taxes or insurance) | Yes |
|---|---|---|
| Class 7<br><br>Equity Security Interest Holder | Brian Gustafson to retain ownership based upon new value contribution | No |

8.     Are All Monthly Operating Statements Current and on File With The Clerk of Court?

           Yes      __X__      No         

    If Not, Explain:

9.     Does the plan provide for releases of non-debtor parties?  Specify which parties and terms of release.

    **No.**

10.     Identify all executory contracts that are to be assumed or assumed and assigned.

| Ralph L. Gustafson | Equipment rental agreement |
|---|---|
| Ryan D. Yingling | Equipment rental agreement |

11.    Has a bar date been set?

　　　　　　　　　Yes _____X_____    No _____

　　　　(If not, a motion to set the bar date has been filed simultaneously with the filing of this
　　　　disclosure statement.)

12.    Has an election under 11 U.S.C. §1121(e) has been filed with the Court to be treated as
　　　　a small business?

　　　　　　　　　Yes _____X_____    No _____

13.    Specify property that will be transferred subject to 11 U.S.C. §1146(c). **N/A**

II.    Creditors

    A.    Secured Claims

SECURED CLAIMS

| Creditor | Total Amount Owed | Arrearages | Type of Collateral Priority of Lien (1, 2, 3) | Disputed (D) Liquidated (L) Unliquidated (U) | Will Liens Be Retained Under the Plan? (Y) or (N) |
|---|---|---|---|---|---|
| Ford Motor Credit | $4,262.44 | | 2014 Ford F250 | L | Y |
| Kubota Credit Corporation, U.S.A. | $23,153.52 | | Equipment UCC 1 F.S. filed on 10/1/2013 at F.S. no. 20131108058I | L | Y |
| Kubota Credit Corporation, U.S.A. | $17,175.00 | | Equipment UCC 1 F.S. filed on 11/8/2013 at F.S. no. 20131108058I | L | Y |
| Internal Revenue Service | $124,442.39 | | Northwest Savings Bank account, 2015 H&H Trailer, 2013 Ford Dump Truck, 2015 Mustang Trailer, 1991 GMC 3500 Bucket Truck, 2009 Featherlite Horse Trailer and other machinery, fixtures and equipment, Priority Care Ambulance Certificate of Licensure, Gus's Guns Federal Firearms License | D | Y |


| | | | | |
|---|---|---|---|---|
| Pennsylvania Department of Revenue | $12,289.62 | Northwest Savings Bank account, 2015 H&H Trailer, 2013 Ford Dump Truck, 2015 Mustang Trailer, 1991 GMC 3500 Bucket Truck, 2009 Featherlite Horse Trailer and other machinery, fixtures and equipment, Priority Care Ambulance | D | Y |
| Hamlin Bank | $58,088.47 | 1995 Ford Ambulance and 2000 Ford Ambulance | L | Y |
| **TOTAL** | $239,411.44 | | | |

B.    Priority Claims

PRIORITY CLAIMS

| Creditor | Total Amount Owed | Type of Collateral | (D) (L) (U) * |
|---|---|---|---|
| Internal Revenue Service | $68,166.71 | Northwest Savings Bank account, 2015 H&H Trailer, 2013 Ford Dump Truck, 2015 Mustang Trailer, 1991 GMC 3500 Bucket Truck, 2009 Featherlite Horse Trailer and other machinery, fixtures and equipment, Priority Care Ambulance Certificate of Licensure, Gus's Guns Federal Firearms License | D |
| PA Department of Revenue | $4,213.40 | Northwest Savings Bank account, 2015 H&H Trailer, 2013 Ford Dump Truck, 2015 Mustang Trailer, 1991 GMC 3500 Bucket Truck, 2009 Featherlite Horse Trailer and other machinery, fixtures and equipment, Priority Care Ambulance Certificate of Licensure, Gus's Guns Federal Firearms License | D |
| | | | |
| | | | |
| | | | |
| TOTAL | $72,380.11 | | |

*Disputed (D), Liquidated (L), or Unliquidated (U)

7

C.    Unsecured Claims

|     |     |     |
| --- | --- | --- |
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $ 1.00 |
| 2. | Amount of Unscheduled Unsecured Claims[1] | $ 259,506.82 |
| 3. | Total Claims Scheduled or Filed | $ 259,507.82 |
| 4. | Amount Debtor Disputes | $ 144,536.67 |
| 5. | Estimated Allowable Unsecured Claims | $ 114,971.15 |

D.    Other Classes of Creditors

|     |     |     |
| --- | --- | --- |
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $ 0 |
| 2. | Amount of Unscheduled Claims[1] | $ 300,000.00 |
| 3. | Total Claims Scheduled or Filed | $ 300,000.00 plus monthly payments |
| 4. | Amount Debtor Disputes | $ 175,000.00 |
| 5. | Estimated Allowable Claims | $ 125,000.00 plus monthly payments |

E.    Other Classes of Interest Holders

|     |     |     |
| --- | --- | --- |
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $ N/A |
| 2. | Amount of Unscheduled Claims[1] | $ |
| 3. | Total Claims Scheduled or Filed | $ |
| 4. | Amount Debtor Disputes | $ |
| 5. | Estimated Allowable Claims | $ |

---

[1] Includes (a.) unsecured claims filed by unscheduled creditors; (b.) that portion of any unsecured claim filed by a scheduled creditor that exceeds the amount debtor scheduled; and (c.) any unsecured portion of any secured debt not previously scheduled.

III.    Assets

ASSETS

| Assets | Value | Basis for Value Priority of Lien | Name of Lien Holder (if any) (Fair Market Value/ Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| Northwest Savings Bank Operating Account | $1.00 | | Internal Revenue Service ("IRS") PA Department of Revenue ("DOR") | Unknown |
| Accounts receivable | $10,000.00 | | IRS/DOR | Unknown |
| Inventory & Supplies (Firearms) | $20,000.00 | | IRS/DOR | Unknown |
| Office furniture and fixtures | $1,000.00 | | IRS/DOR | Unknown |
| Office equipment, including all computer equipment and communication systems equipment and software | $1,000.00 | | IRS/DOR | Unknown |
| 2015 Mustang Utility Trailer (vin ending 8657) | $500.00 | | IRS/DOR | Unknown |

| Item | Value | Creditor | Amount |
|---|---|---|---|
| 1995 Ford E-350 Modular Ambulance | $10,000.00 | Hamlin Bank | ($36,088.47) |
| 2000 Ford F-350 Modular Ambulance | $12,000.00 | Hamlin Bank | ($36,088.47) |
| 2015 H&H Trailer | $3,000.00 | IRS/DOR | Unknown |
| 2013 Ford F550 Dump Truck | $38,000.00 | IRS/DOR | Unknown |
| 2014 Ford F250 Truck | $20,000.00 | Ford Motor Credit Company, LLC | $15,737.56 |
| 2015 Mustang Trailer (vin ending 8417) Titled to Brian Gustafson, but used for the business. | $1,000.00 | IRS/DOR | Unknown |
| 1991 GMC 3500 Bucket Truck | $500.00 | IRS/DOR | Unknown |
| 2009 Featherlite Horse Trailer | $6,000.00 | IRS/DOR | Unknown |
| Other machinery, fixtures, and equipment | $20,035.00 | IRS/DOR | Unknown |
| Kubota 4WD HST Tractor w/Foldable Rops, Kubota Front LDR and Land Pride Rotary Cutter 1872 | $15,000.00 | Kubota Credit Corporation, USA | ($8,153.52) |

| | | |
|---|---|---|
| Kubota B2650HSDC 4WD Tractor, Serial No. 50760, Kubota RCK60-30BA 60" Mid Mount Mower Deck, Serial No. 30157, Kubota LA534 Loader, Serial No. A0729, Kubota B7302 3rd Function Valve Kit, Kubota B2376 Pallet Fork Frame, and Kubota K9048 36" Forks (Set of 2) | $7,000.00 | Kubota Credit Corporation, USA | ($10,175.00) |
| Priority Care Ambulance Certificate of Licensure | $1.00 | IRS/DOR | Unknown |
| Gus's Guns Federal Firearms License | $1.00 | IRS/DOR | Unknown |
| | | | Unknown |
| | **TOTAL** $165,038.00 | | **TOTAL** |

1. Are any assets which appear on Schedule A or B of the bankruptcy petition not listed above?  No.  If so, identify asset and explain why asset is not in estate:

2. Are any assets listed above claimed as exempt?  N/A  If so attach a copy of Schedule C and any amendments.

11

IV.   SUMMARY OF PLAN

1.   Effective Date of Plan:  The first business day that is fifteen (15) days from and after the Confirmation Date.

2.   Will cramdown be sought?  ☐ Yes  **X** No

If Yes, state bar date: _____

3.   Treatment of Secured **Non-Tax** Claims

SECURED NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| Ford Motor Credit | 1 | $4,262.44 | The Debtor will make monthly payments in the amount of $608.92 beginning on the Effective Date until paid in full. |
| Kubota Credit Corporation, USA | 1 | $23,153.52 | The Debtor will make monthly payments in the amount of $695.30 beginning on the Effective Date until paid in full. |
| Kubota Credit Corporation, USA | 1 | $17,175.00 | The Debtor will make monthly payments in the amount of $500.00 beginning on the Effective Date until paid in full. |
| Hamlin Bank | 1 | $58,088.47 | The Debtor will make monthly payments in the amount of $1,529.69 beginning on the Effective Date until paid in full. |
| **TOTAL** | | $102,679.43 | |

4.    Treatment of Secured Tax Claims

SECURED TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| Internal Revenue Service | 2 | 124,442.39 | Debtor will pay $2,809 per month over 4 years, beginning on the Effective Date (which includes 4% interest). |
| Pennsylvania Department of Revenue | 2 | 12,289.62 | Debtor will pay $277.49 per month over 4 years, beginning on the Effective Date (which includes 4% interest). |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL | | $ 136,732.01 | |

5.    Treatment of Administrative **Non-Tax** Claims[2]

### ADMINISTRATIVE NON-TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Knox, McLaughlin, Gornall & Sennett, P.C. | $30,000.00 | P | Full payment on Effective Date of Plan, except as otherwise agreed by Creditor. |
| Thomas Ball Financial Services | $6,000.00 | P | Full payment on Effective Date of Plan, except as otherwise agreed by Creditor. |
| | | | |
| | | | |

6.    Treatment of Administrative Tax Claims

### ADMINISTRATIVE TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| PA Department of Revenue | $1,698.75 | Employer withholding tax | Disputed – Debtor paid this claim in full. |
| | | | |
| | | | |
| | | | |
| | | | |

*Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
**Type of Debt (P=Professional, TD=Trade, TX=Taxes)

---

[2] Include all §503(b) administrative claims.

7.   Treatment of Priority Non-Tax

PRIORITY NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

8.   Treatment of Priority Tax Claims[3]

PRIORITY TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| Internal Revenue Service | 4 | $68,166.71 | 2011-2017 | $1,539/month for four (4) years from Effective Date, including 4% interest. |
| PA Department of Revenue | 4 | $4,213.40 | Unknown | $95.13/month for four (4) years from Effective Date, including 4% interest. |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

[3] Include dates when any §507(a)(7) taxes were assessed.

15

9.    Treatment of General Unsecured Non-Tax Claims

GENERAL UNSECURED NON-TAX CLAIMS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Christopher Poorman & Bobbie Jo Poorman | 5 | 1.00 | N/A |
| Robert J. Lovell and Constance E. Lovell | 5 | 144,536.67 | 10% |
| | | | |
| | | | |
| | | | |
| TOTAL | | $144,537.67 | |

10.    Treatment of General Unsecured Tax Claims

GENERAL UNSECURED TAX CLAIMS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Pennsylvania Department of Revenue | 5 | $2,950.12 | 10% |
| Internal Revenue Service | 5 | $112,020.03 | 10% |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL | | $114,970.15 | |

16

11.    Will periodic payments be made to unsecured creditors?

    Yes    X    No                First payment to begin    1st Anniversary
                                                             of Effective
    _____    _____                                   Date
                                                             _____

    If so:

            Amount of each payment (aggregate to all unsecured claimants)
            Estimated date of first payment:       July 1, 2019
            Time period between payments:          Annual
            Estimated date of last payment:        July 1, 2022 (48 months)
            Contingencies, if any:                 Allowed Claim

    State source of funds for planned payments, including funds necessary for capital
    replacement, repairs, or improvements:

    Funds will be provided from the Debtor's on-going business revenues.

    Other significant features of the plan:

    The treatment of the Non-Tax Secured Claims is based upon individual court
    orders, approving payment stipulations between the Debtor and the Non-Tax
    Secured Creditors.

    Include any other information necessary to explain this plan:

    Brian Gustafson will contribute (a) to the Confirmation Deposit Fund and (b) to
    the Plan the rental income received from his individual real estate, as indicated.
    That amount is greater than the monthly payments associated with the real estate,
    as specified in Class 6.

V.    Comparison of Plan with Chapter 7 Liquidation

    If debtor's proposed plan is not confirmed, the potential alternatives would include
    proposal of a different plan, dismissal of the case or conversion of the case to Chapter 7.
    If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtor's
    non-exempt assets.  In this event, all secured claims and priority claims, including all
    expenses of administration, must be paid in full before any distribution is made to
    unsecured claimants.

    |  |  |  |
    |---|---|---|
    | Total value of Chapter 7 estate (See Section III) | $ | 165,037.00 |
    | 1.    Less secured claims (See Section IV-2) | $ | 239,411.44 |
    | 2.    Less administrative expenses (See Section IV-3 and include approximate Chapter 7 expenses) | $ | 50,000.00 |
    | 3.    Less other priority claims (See Section IV-4) | $ | 72,380.11 |

Total Amount Available for Distribution to Unsecured Creditors     $          0

Divided by total allowable unsecured claims of (See Section II     $          0
C)

Percentage of Dividend to Unsecured Creditors:                              0%

Will the creditors fare better under the plan than they would in a Chapter 7 liquidation?

Yes     **X**     No _____

Explain:  The Plan provides for a 10% distribution to unsecured Creditors holding Allowed Claims.

VI.    <u>Feasibility</u>

A.    Attach Income Statement for Prior 12 Months.

B.    Attach Cash Flow Statement for Prior 12 Months.

C.    Attach Cash Flow Projections for Next 12 Months.

Estimated amount to be paid on Effective Date of plan, including administrative expenses.

$    16,299.71

Show how this amount was calculated.

$    15,000.00     Administrative Class
                        Taxes
                        Unsecured Creditors
      1,299.71     UST Fees

$    16,299.71     TOTAL

What assumptions are made to justify the increase in cash available for the funding of the plan?

Debtor's income will remain stable over the course of the Plan.

Will funds be available in the full amount for administrative expenses on the effective date of the plan?  From what source?  If not available, why not and when will payments be made?

Brian Gustafson will pay $15,000 into the Confirmation Deposit Fund.  He will personally guarantee the unpaid balance of administrative expenses, if any.

Cash on hand   $   8,961     (Current).  Attach current bank statement.

Cash on hand   $   20,000    (Estimated amount available on date of confirmation)

If this amount is less than the amount necessary at confirmation, how will debtor make up the shortfall?

Payments over time from the Debtor or Mr. Gustafson.

VII.   Management Salaries

## MANAGEMENT SALARIES

| Position/Name of Person Holding Position | Salary at Time of Filing | Proposed Salary (Post-Confirmation) |
|---|---|---|
| Brian L. Gustafson | $120,000 | $100,000 |
| | | |
| | | |

VIII.   Identify the Effect on Plan Payments and Specify Each of the Following:

1.     What, if any, litigation is pending?

Christopher Poorman, et al. v. Brian Gustafson, et al.
Case No. GD-17-003761

2.     What, if any, litigation is proposed or contemplated?

Objections to Claims as may be necessary and appropriate.

IX.    Additional Information and Comments


X.     Certification

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

If Debtor is a corporation, attach a copy of corporate resolution authorizing the filing of this Disclosure Statement and Plan.

If Debtor is a general partnership, attach a copy of the consent agreement of all general partners to the filing of the bankruptcy.

19

_/s/ Brian Gustafson_                    5/14/18
Signature of Debtor                      Date
or Authorized Representative


_____              _____

Signature of Debtor
or Authorized Representative             Date


_/s/ Guy C. Fustine_                     5/14/18
Debtor's Counsel                         Date
Guy C. Fustine
Knox McLaughlin Gornall &
Sennett, P.C.
PA I.D. No. 37543
120 West Tenth Street
Erie, Pennsylvania  16501-1461
(814) 459-2800
gfustine@kmgslaw.com

**OPTIONAL TABLE**

6.     Treatment of Other Claims

N/A

OTHER CLASSES OF CREDITORS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| John Deere Construction & Forestry Co. | 6 | $2,500.00/per month | 100% of monthly contract payment |
| Hamlin Bank (102 W. Main St.) | 6 | $2,720.00/per month | 100% of monthly contract payment |
| Hamlin Bank (6135 Route 46N) | 6 | $1,798.53/per month | 100% of monthly contract payment |
| Hamlin Bank (1039 Moody Hollow and 18984 Rt. 6) | 6 | $1,060.61/per month | 100% of monthly contract payment |
| Kubota Credit Corporation, USA* | 6 | $1,600.00/per month | 100% of monthly contract payment |

*The payments to Kubota will have to be made by the Debtor only if Ralph Gustafson fails to make the monthly payments.

A.     Will periodic payments be made?

Yes _____     No _____
If so:

21

Amount of each payment (aggregate to all claimants)    $ _____
Estimated date of first payment    _____
Time period between payments    _____
Estimated date of last payment    _____
Contingencies, if any:    _____

## OPTIONAL TABLE

7.  Treatment of Interest Holders (Other Than Equity Holders)

### OTHER CLASSES OF INTEREST HOLDERS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

8.  Treatment of Equity Holders (Specify how the market test of *Bank of America National Trust and Savings Association v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 110 S.Ct. 1411 (1999), is met)

### OTHER CLASSES OF INTEREST HOLDERS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Brian L. Gustafson* | 7 | 100% of equity | 100% |
|  |  |  |  |
|  |  |  |  |

* Mr. Gustafson will contribute the monthly income from certain of his individual assets as "new value" in consideration for maintaining his equity position.

A.  Will periodic payments be made?

Yes _____    No _____

If so: _____

Amount of each payment (aggregate to all claimants)    $ _____
Estimated date of first payment                          _____
Time period between payments                             _____
Estimated date of last payment                           _____
Contingencies, if any:                                   _____

## HISTORIC SUMMARY

| POST PETITION PERIODS | May 2017 | June 2017 | July 2017 | August 2017 | September 2017 | October 2017 | November 2017 | December 2017 | January 2018 | February 2018 | March 2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. TOTAL CASH FLOW FROM OPERATIONS: | 2,000.00 | 78,924.87 | 5,900.00 | 39,205.71 | 35,395.57 | 49,169.55 | 38,963.82 | 43,716.21 | 94,207.82 | 134,734.52 | 62,040.23 |
| 2. LESS TOTAL DISBURSEMENTS EXCLUDING PAYMENTS TO CREDITORS IN A PLAN: | 847.54 | 74,253.22 | 12,145.14 | 30,691.13 | 36,554.38 | 63,826.24 | 41,011.28 | 45,000.55 | 127,907.84 | 141,877.35 | 61,866.84 |
| 3. TOTAL NET CASH FLOW: | 1,152.46 | 4,671.65 | (6,245.14) | 8,514.58 | (1,158.81) | (14,656.69) | (2,047.46) | (1,284.34) | (33,700.02) | (7,142.83) | 173.39 |

## DEFINITIONS

TOTAL CASH FLOW FROM OPERATIONS: THE TOTAL AMOUNT OF FUNDS COLLECTED IN A SPECIFIC PERIOD FROM CASH SALES, COLLECTION OF ACCOUNTS RECEIVABLE, AND OTHER INCOME. CASH CONTRIBUTIONS FROM INSIDERS ARE INCLUDED FOR THE MONTHS OF DECEMBER 2017, FEBRUARY 2018 AND MARCH 2018.

TOTAL DISBURSEMENTS EXCLUDING PAYMENTS TO CREDITORS IN A PLAN: THE TOTAL DISBURSEMENTS IN A SPECIFIC PERIOD FOR PRODUCTION COSTS, GENERAL AND ADMINISTRATIVE COSTS, EXCLUDING PAYMENTS TO CREDITORS TO BE PAID UNDER THE TERMS OF

24

## PROJECTED SUMMARY

| POST PETITION PERIODS | JUL 2018 | AUG 2018 | SEPT 2018 | OCT 2018 | NOV 2018 | DEC 2018 | JAN 2019 | FEB 2019 | MAR 2019 | APR 2019 | MAY 2019 | JUN 2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4. TOTAL PROJECTED CASH FLOW FROM OPERATIONS: | 71,075.00 | 62,975.00 | 63,575.00 | 62,675.00 | 63,525.00 | 62,910.00 | 65,585.00 | 62,575.00 | 61,975.00 | 63,885.00 | 61,580.00 | 70,825.00 |
| 5. LESS TOTAL PROJECTED DISBURSEMENTS EXCLUDING PAYMENTS TO CREDITORS IN A PLAN: | 48,537.00 | 41,336.00 | 41,336.00 | 42,692.00 | 41,336.00 | 41,336.00 | 44,460.00 | 41,336.00 | 41,336.00 | 43,461.00 | 41,336.00 | 41,336.00 |
| 6. ANTICIPATED CASH FLOW AVAILABLE FOR PLAN: | 22,538.00 | 21,639.00 | 22,239.00 | 19,983.00 | 22,189.00 | 21,574.00 | 21,125.00 | 21,239.00 | 20,639.00 | 20,424.00 | 20,244.00 | 29,489.00 |

### DEFINITIONS

TOTAL PROJECTED CASH FLOW FROM OPERATIONS: TOTAL AMOUNT OF PROJECTED FUNDS COLLECTED IN A SPECIFIC PERIOD FROM CASH SALES, COLLECTION OF ACCOUNTS RECEIVABLE, CASH CONTRIBUTIONS FROM INSIDERS AND OTHER INCOME, EXCLUDING LOANS PROCEEDS AND SALES TAXES COLLECTED.

TOTAL DISBURSEMENTS EXCLUDING PAYMENTS TO CREDITORS IN A PLAN: TOTAL PROJECTED DISBURSEMENTS IN A SPECIFIC PERIOD FOR PRODUCTION COSTS, GENERAL AND ADMINISTRATIVE COSTS, EXCLUDING PAYMENTS TO CREDITORS TO BE PAID UNDER THE TERMS OF THE PROPOSED PLAN.

## PLAN FEASIBILITY

| POST PETITION PERIODS | JUL 2018 | AUG 2018 | SEPT 2018 | OCT 2018 | NOV 2018 | DEC 2018 | JAN 2019 | FEB 2019 | MAR 2019 | APR 2019 | MAY 2019 | JUN 2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANTICIPATED RECEIPTS AVAILABLE FOR PLAN (SEE LINE 6, ABOVE): | 22,558.00 | 21,639.00 | 22,239.00 | 19,983.00 | 22,189.00 | 21,574.00 | 21,125.00 | 21,239.00 | 20,639.00 | 20,424.00 | 20,244.00 | 29,489.00 |
| LESS PROPOSED PLAN PAYMENTS (SEE SECTION IV): | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 19,133.00 | 25,583.00 |
| OVERAGE/(SHORTAGE) OF CASH FLOW AVAILABLE TO FUND PLAN: | 3,405.00 | 2,506.00 | 3,106.00 | 850.00 | 3,056.00 | 2,441.00 | 1,992.00 | 2,106.00 | 1,506.00 | 1,291.00 | 1,111.00 | 3,906.00 |

26

#1929811.v1

| | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenues** | | | | | | | | | | | | |
| Ambulance Income | 59,750 | 51,650 | 52,250 | 51,350 | 52,200 | 51,585 | 54,260 | 51,250 | 50,650 | 52,560 | 50,255 | 59,500 |
| Gus's Guns Sales | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Miscellaneous | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 | 1,525 |
| Rental  1039 Moody Hollow | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| 18984 Route 6 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 |
| 102 W Main St | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| 6135 Route 46N | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 |
| **Total Revenues** | 71,075 | 62,975 | 63,575 | 62,675 | 63,525 | 62,910 | 65,585 | 62,575 | 61,975 | 63,885 | 61,580 | 70,825 |
| **Expenses** | | | | | | | | | | | | |
| Wages | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 | 22,909 |
| Officer Wages | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 |
| FICA | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 | 2,390 |
| PA UC | 2,525 | - | - | 1,356 | - | - | 3,124 | - | - | 2,125 | - | - |
| Health Insurance | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 | 4,510 |
| Insurance | 728 | 728 | 728 | 728 | 728 | 728 | 728 | 728 | 728 | 728 | 728 | 728 |
| Station Utilities | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 | 1,601 |
| Station Supplies | 225 | 225 | 225 | 225 | 225 | 225 | 225 | 225 | 225 | 225 | 225 | 225 |
| Medical Supplies | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Fuel | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 |
| Vehicle Repairs | 825 | 825 | 825 | 825 | 825 | 825 | 825 | 825 | 825 | 825 | 825 | 825 |
| Equipment Leases | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 | 3,066 |
| Bank Fees | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 |
| Cell Phone | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Hamlin Equipment Loan | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 | 1,530 |
| Hamlin Real Estate Loans | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 | 5,579 |
| Knox Firm | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Accounting Fees | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| IRS Payments - Secured | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 | 4,348 |
| IRS Payments - Unsecured | | | | | | | | | | | | 6,450 |
| PA Dept of Revenue | 373 | 373 | 373 | 373 | 373 | 373 | 373 | 373 | 373 | 373 | 373 | 373 |
| Kubota | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 | 1,195 |
| Ford Motor Credit | 608 | 608 | 608 | 608 | 608 | 608 | 608 | 608 | 608 | 608 | 608 | 608 |
| John Deere | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Total | 67,670 | 60,469 | 60,469 | 61,825 | 60,469 | 60,469 | 63,593 | 60,469 | 60,469 | 62,594 | 60,469 | 66,919 |
| Plan payments to creditors | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 25,583 |
| Projected disbursements excluding payments to Creditors in Plan | 48,537 | 41,336 | 41,336 | 42,692 | 41,336 | 41,336 | 44,460 | 41,336 | 41,336 | 43,461 | 41,336 | 41,336 |
| Cash Flow | 22,538 | 21,639 | 22,239 | 19,983 | 22,189 | 21,574 | 21,125 | 21,239 | 20,639 | 20,424 | 20,244 | 29,489 |
| Less Proposed Plan Payments | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 19,133 | 25,583 |
| Overage/shortage | 3,405 | 2,506 | 3,106 | 850 | 3,056 | 2,441 | 1,992 | 2,106 | 1,506 | 1,291 | 1,111 | 3,906 |
| Net Income | 3,405 | 2,506 | 3,106 | 850 | 3,056 | 2,441 | 1,992 | 2,106 | 1,506 | 1,291 | 1,111 | 3,906 |

 **Northwest**

Accounts

Business Checking Plus **2330
Available Balance

$8,961.46

5/14/2018, 7:19 PM

**RESOLUTION OF B.L. GUSTAFSON, LLC D/B/A GUS'S GUNS, PRIORITY CARE AMBULANCE, B.L. GUSTAFSON EXCAVATION, BRYNWOOD FARM AND BRIAN GUSTAFSON RENTALS ("COMPANY")**

**DATED AS OF MAY 16, 2017**

WHEREAS, debts have been incurred by the Company and the Company will be unable to pay the amounts due.

WHEREAS, it has been determined that the best way for the Company to continue in business and the best way for the Company to maximize the value of its assets and, accordingly, to maximize the amounts available for distribution to its creditors, is to file a Chapter 11 proceeding and plan of reorganization under the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania at Erie.

IT IS THEREFORE RESOLVED that B.L. Gustafson, LLC d/b/a Gus's Guns, Priority Care Ambulance, B.L. Gustafson Excavation, Brynwood Farm and Brian Gustafson Rentals, a Pennsylvania Limited Liability Company, is hereby authorized to file and prosecute to completion a Chapter 11 proceeding for the Company; that the best interest of creditors and other interested parties will be served thereby; that Brian L. Gustafson is hereby authorized, empowered and directed, in the name of and on behalf of B.L. Gustafson, LLC to execute and verify the Petition for Relief under Chapter 11 of the Bankruptcy Code, Schedule of Assets, Schedule of Liabilities, Statement of Financial Affairs, Monthly Operating Reports, Plan of Reorganization and Disclosure Statement, as well as all other ancillary documents, and to cause the same to be filed in the United States Bankruptcy Court for the Western District of Pennsylvania at Erie.

BE IT FURTHER RESOLVED that Brian L. Gustafson is authorized, empowered and directed to execute and file all schedules, motions, lists, applications, pleadings and other papers including financing arrangements, and, in connection therewith, to employ and retain

professionals necessary, proper or desirable in connection with the Chapter 11, with a view to a successful prosecution of the Chapter 11 case, including but not limited to the filing and implementing of a Chapter 11 plan of reorganization and/or selling the assets under Chapter 11 of the Bankruptcy Code with Bankruptcy Court approval, to maximize the value of the assets and to maximize the distribution to creditors and parties in interest, and, to the furthest extent possible, to avoid any diminution in the value thereof.

BE IT FURTHER RESOLVED that any past actions heretofore taken in furtherance of any or all of the preceding Resolutions be, and the same hereby are, ratified, confirmed and approved.

_____
Brian L. Gustafson
Managing Member

# 1669939.v1