# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 17-10514  TPA |
| B.L. Gustafson, LLC<br>  Debtor | |
| | Chapter 11 |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF REVENUE<br>  Movant | Hearing Date:   June 20, 2018<br>Time:   10:00am |
| vs. | |
| | Related to Document No. 172 |
| B.L. Gustafson, LLC | Document No. |
|   Respondent | |

## STIPULATION AND AGREEMENT BETWEEN THE DEBTOR
## AND THE PENNSYLVANIA DEPARTMENT OF REVENUE

**IT IS HEREBY STIPULATED AND AGREED** by and between B.L Gustafson, Debtor, and the Commonwealth of Pennsylvania, Department of Revenue, as represented by the Office of Attorney General, by Robert C. Edmundson, Senior Deputy Attorney General, as follows:

1. The Pennsylvania Department of Revenue has asserted claims against the above referenced Debtor which consist of the following: [1]

    A.   Administrative……………………………………………….$1,698.75

    B.   Secured……………………………………………….....…$12,289.62

    C.   Priority……………………………………………………….$4,213.40

    D.   Unsecured Non-Priority……………………………………..$2,950.72

---

[1] The Debtor agrees not to challenge the amount or classification of the aforesaid claims.

2. Revenue's claim shall be paid pursuant to the proposed Bankruptcy Plan in the manner required by 11 U.S.C. 1129(a)(9)(a)(c) and more specifically payment will be made as follows:

    A). The administrative claim has been reduced to $517.44 representing outstanding tax obligations incurred from the 2nd. Quarter, 2017 through the 1st. Quarter, 2018. The Administrative Claim will be paid in full on or before the Plan Effective Date.

    B). The Debtor will remit monthly payments of $304 commencing 30 days after the Plan Effective Date for a period of 60 months representing full payment of the secured and priority claims, with statutory interest of 4% per annum.

    C). The unsecured penalty claim of $2,950.12 shall be treated in the same manner as the other unsecured creditors.

3. All payments specified in paragraph 2 shall be made to the Office of Attorney General, to the attention of Robert C. Edmundson, 1251 Waterfront Place, Mezzanine Level, Pittsburgh, Pennsylvania 15222..

4. The Pennsylvania Department of Revenue may apply each monthly payment to the claim for unpaid taxes and interest as it, in its sole discretion, may determine.

5. All statutes of limitations on the collection of any Commonwealth taxes due from the Debtor or involved in the plan are suspended during the pendency of the bankruptcy proceeding and the term of this stipulation and agreement, and for one year thereafter.

6. In the event that the Debtor fails to make any of the payments specified in paragraph 2 or incurs post confirmation tax obligations, the Commonwealth of Pennsylvania may pursue collection of the outstanding balance of the account utilizing its statutory remedies.

7.  No tax liability accruing prior to the confirmation of the plan is discharged until paid in full, except general unsecured creditors shall be paid as provided in the Plan.

8.  To the extent that any Commonwealth tax liens attached to any property owned by the Debtor as of the date of the filing of the petition in this case, such property shall remain subject to such Commonwealth tax liens until such time as the amount of liens has been fully satisfied or otherwise divested by law.

.   9.  The Debtor shall timely file and pay all taxes incurred from the date of Plan Confirmation through the time that all obligations due pursuant to this Stipulation are paid in full.

10.  Until such time as all obligations due pursuant to this Stipulation are paid in full, the Commonwealth may administratively apply any tax credits or refunds otherwise owed to the Debtor to any outstanding indebtedness.

11.  Any tax, interest and penalty not encompassed within this Stipulation that is subsequently determined to be owing shall be paid by an increase in the specified monthly payments and no priority or administrative tax liability shall be deemed discharged until paid in full.

12.  The priority claims asserted by the Commonwealth in the instant bankruptcy shall be afforded no lower priority in any subsequent bankruptcy the Debtor may file prior to the completion of the payments required by this Stipulation.

13.  As the Debtor's Plan does not provide for the transfer or acquisition of real estate, the Debtor will forfeit any claim of an exemption from Pennsylvania Realty Transfer Tax (72 P.S. 8101-c) that it may otherwise be entitled to pursuant to 11 U.S.C. 1146.

14. This Stipulation and Agreement shall be deemed incorporated in the Plan of Reorganization and shall supercede the terms of such Plan in the event of a conflict between the documents.

|  |  |
|---|---|
|  | JOSH SHAPIRO<br>ATTORNEY GENERAL |
| /s/   Guy C. Fustine<br>Guy C. Fustine, Esq.<br>120 West Tenth Street<br>Erie, Pa 16501<br>Phone:  (814) 459-2800<br>Email: gfustine@kmgslaw.com | By /s/ Robert C. Edmundson<br>Robert C. Edmundson<br>Senior Deputy Attorney General<br>Office of Attorney General<br>1251 Waterfront Place<br>Mezzanine Level<br>Pittsburgh, PA 15222<br>(412) 565-2575 |
| Counsel for Debtor,<br>B.L. Gustafson, LLC | Email:  redmundson@attorneygeneral.gov |

**It is so ORDERED,**

_____
**UNITED STATES BANKRUPTCY JUDGE**